NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RONALD J. YOUNG,**
*Claimant-Appellant*

**v.**

**ROBERT L. WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-1249

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-6794, Judge Joseph L. Toth.

---

Decided:  April 9, 2020

---

RONALD J. YOUNG, North Fort Myers, FL, pro se.

MATTHEW PAUL ROCHE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by JOSEPH H. HUNT, ELIZABETH MARIE HOSFORD, ROBERT EDWARD KIRSCHMAN, JR.; Y. KEN LEE, EVAN SCOTT GRANT, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before NEWMAN, DYK, and REYNA, *Circuit Judges.*

PER CURIAM.

Ronald J. Young, a Navy veteran proceeding *pro se,* appeals the decision of the United States Court of Appeals for Veterans Claims that affirmed a denial of his claim for disability compensation. Mr. Young seeks disability compensation after receiving medical treatment that he claims caused him injuries. He also claims that a treating physician intentionally harmed and sexually assaulted him. We dismiss Mr. Young's appeal because this court lacks jurisdiction over appeals from the U.S. Court of Appeals for Veterans Claims, such as this, that involve solely challenges to factual determinations, or challenges to the application of law or regulation to the facts of a particular case.

## BACKGROUND

Mr. Young served on active duty in the U.S. Navy from June 1969 to April 1970. In May 2010, he underwent a colonoscopy at a U.S. Department of Veterans Affairs (VA) treatment facility. Mr. Young was diagnosed with internal hemorrhoids, diverticulitis, and angiodysplasia. Medical records indicate that after the procedure, Mr. Young was in "stable" condition and had "no adverse effects noted from procedure or sedation." J.A. 29. In June 2010, Mr. Young called the VA and reported stomach problems, which a nurse attributed to acid reflex and heart burn—conditions unrelated to colonoscopies. The nurse advised Mr. Young to take over-the-counter Prilosec. In July 2010, Mr. Young visited the Emergency Room, where he was diagnosed with a serious urinary tract infection and was prescribed antibiotics. Mr. Young never complained about rectal bleeding or assault during the June 2010 call or during the July 2010 visit.

Two years after the medial treatment, in March 2012, Mr. Young submitted a claim to the VA Regional Office ("Regional Office"), seeking benefits as a "person disabled

by treatment or vocational rehabilitation" under 38 U.S.C. § 1151. In particular, Mr. Young claimed that the colonoscopy caused rectal bleeding and a vitamin B-12 deficiency. Mr. Young also claimed that the treating physician in May 2010 intentionally hurt, violated, and raped him. The Regional Office reviewed Mr. Young's medical records and obtained an opinion from a VA medical examiner. The examiner opined that the treating physician properly conducted Mr. Young's colonoscopy and did not cause Mr. Young's bleeding or his vitamin B-12 deficiency. The examiner found no evidence of sexual assault. As a result, the Regional Office denied Mr. Young's claim for § 1151 compensation benefits. Mr. Young appealed the Regional Office determination to U.S. Board of Veterans' Appeals ("Board").

The Board concluded that compensation was "not warranted." J.A. 20. The Board explained that in order to obtain disability compensation under 38 U.S.C. § 1151, Mr. Young was required to show (i) that the VA treatment caused the alleged disability and (ii) that the proximate cause of the disability was either an unforeseeable event or the fault of the VA in furnishing the medical treatment (e.g., carelessness, negligence, lack of proper skill, or an error in judgment). The Board concluded that Mr. Young failed to prove that his asserted disability was caused by the medical treatment.

Mr. Young appealed the Board's determination to the U.S. Court of Appeals for Veterans Claims ("Veterans Court"). The Veterans Court affirmed the Board's determination that Mr. Young is not entitled to disability compensation under § 1151. The Veteran's Court affirmed the Board's finding that Mr. Young had not identified evidence establishing a link between his May 2020 colonoscopy and his alleged rectal bleeding and vitamin B-12 deficiency. In addition, the Veteran's Court affirmed the Board's finding that contemporaneous medical evidence outweighed Mr. Young's lay assertions of an assault. The Veterans Court

entered judgment against Mr. Young on November 19, 2019.  Mr. Young appeals to this Court.

## ANALYSIS

Our jurisdiction to review decisions by the Veterans Court is limited.  *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010).  We have exclusive jurisdiction to review and decide challenges to the validity of any statute or regulation, or to any interpretation of statutory, regulatory, or constitutional provisions, to the extent such provisions are presented and necessary to a decision.  38 U.S.C. § 7292(c).  We lack jurisdiction to review challenges to factual determinations, or challenges to the application of law or regulation to the facts of a particular case.  *Id.* § 7292(d)(2).  And while we liberally construe *pro se* pleadings, like those here, in favor of a *pro se* veteran, the veteran is still required to establish jurisdiction.  *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

As we understand his informal brief, Mr. Young raises two types of challenges.  First, Mr. Young challenges the Veterans Court's affirmance of the Board's factual findings that underlie its determination that Mr. Young is not entitled to benefits under 38 U.S.C. § 1151(a)(1).  Second, Mr. Young challenges the Veterans Court's affirmance of the Board's application of § 1151(a)(1) to the facts of Mr. Young's case.  We have no jurisdiction to hear any of Mr. Young's challenges.  38 U.S.C. § 7292(d)(2).  Finally, Mr. Young does not raise a constitutional challenge or issue.  Consequently, we lack jurisdiction to hear Mr. Young's appeal.  For that reason, the appeal is hereby dismissed.

## DISMISSED

### COSTS

No costs.